Filed 9/20/23  P. v. Taylor CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANDRE LAMONT TAYLOR,<br><br>  Defendant and Appellant. | D081728<br><br><br>(Super. Ct. No. FWV1503696) |

APPEAL from an order of the Superior Court of San Bernardino County, Bridgid M. McCann, Judge.  Affirmed.

Andre Lamont Taylor, in pro. per.; and Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Andre Lamont Taylor of first degree murder (Pen. Code,[1] § 187, subd. (a)) and possession of a firearm by a felon (§ 29800, subd. (a)(1)).  The jury found Taylor personally discharged a firearm causing death or great bodily injury to a victim (§ 12022.53, (subd. (d)).  The court

---

[1]     All further statutory references are to the Penal Code.

found true two strike priors (§ 667, subds. (b)-(i)). Taylor was originally sentenced to a term of 106 years to life in prison. Taylor appealed and this court affirmed the convictions, but reversed the sentence and remanded the case for possible retrial of the strike and serious felony priors in an unpublished opinion. (*People v. Taylor* (Feb. 15, 2019, D074449).)

Taylor's sentence was reduced to a term of 53 years to life in prison.

In 2022, Taylor filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, reviewed the record of conviction and held a hearing. At the conclusion of the hearing, the court found Taylor was tried as the sole perpetrator and was the actual killer in this case. The jury found he was the person who intentionally discharged the firearm causing death. As the actual killer, the court found Taylor was not eligible for resentencing under section 1172.6 as a matter of law. The court denied the petition without issuing an order to show cause.

Taylor filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error under the procedures of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Taylor he could submit his own brief on appeal. Taylor responded with a supplemental brief that does not discuss any potentially meritorious issue that would challenge the trial court's denial of the petition for resentencing. Taylor raises a number of challenges to the underlying conviction, which we have previously upheld on direct appeal. Taylor does not challenge the finding he was the actual killer. Interestingly, he contends

he shot the victim 12 times by accident.  The fact some of the shots struck the victim in the arms and legs shows he did not intend to kill.

The validity of the convictions is not before this court on appeal from the denial of his resentencing petition.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*.  Counsel asks the court to independently review the record for error.  To assist the court in its review, and in an effort to comply with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court properly denied appellant's petition without issuing an order to show cause.

We have independently reviewed the record for error consistent with *Wende* and *Anders.*  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Taylor on this appeal.

---

[2]    The facts of the offense were adequately discussed in our prior opinion. We will not repeat the discussion here.

## DISPOSITION

The order denying Taylor's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

4